IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


JANET TURNER,

     Plaintiff,

vs.                                        Case No.  5:08cv189-RS/WCS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

                                      /


## REPORT AND RECOMMENDATION

This is a social security case referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D. Loc. R. 72.2(D).  Defendant has filed a motion to dismiss, arguing that the complaint was not timely filed.  Doc. 11.  Plaintiff, represented by David E. Evans, Esq., was given an opportunity to file a response, doc. 12, but has not done so and the time for a response has expired.

By letter dated March 28, 2008, the Appeals Council denied review and notified Plaintiff that she had 60 days from receipt of the letter in which to commence a civil action in district court.  Doc. 11, Ex. 2; doc. Doc. 11-3, pp. 13-14.  The letter advised

Plaintiff that it would be assumed that Plaintiff received the letter 5 days after the date on it. *Id.*, p. 14. The letter also advised that if Plaintiff could not file for court review within 60 days and had a good reason, she could ask the Appeals Council in writing to extend the time to file. *Id.*, p. 15.

The motion to dismiss contains the declaration under penalty of perjury of Patrick J. Herbst, who avers that this letter was mailed to Plaintiff at P.O. Box 3, Blountstown, Florida, on March 28, 2008. *Id.*, p. 18. The letter shows that a copy was sent to David E. Evans, Esq., 108 West 4th Street, Panama City, Fl 32401, and Mr. Herbst avers that a copy was sent to Mr. Evans. *Id.*, pp. 15, 18.

"It is by now axiomatic that the United States 'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." Jackson v. Astrue, 506 F.3d 1349, 1352-1353 (11th Cir. 2007) (citations omitted). The time for filing a civil action seeking review of the final decision of the Commissioner denying benefits pursuant to Title II or XVI of the Social Security Act is provided by 42 U.S.C. § 205(g), which provides in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

By regulation, 20 C.F.R. § 404.981, the Commissioner has interpreted "mailing" to mean the date that the claimant receives the decision. The Commissioner further has provided by regulation that: "Date you receive notice means 5 days after the date on the

notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901.

It is presumed, therefore, that Plaintiff received the notice that the Appeals Council declined review on April 2, 2008. There is no evidence to the contrary. Therefore, she had until June 1, 2008, to file suit in this court. The complaint was filed on June 14, 2008, about two weeks too late.

The 60 day period for filing a civil action is not jurisdictional, but is a period of limitation which may be subject to equitable tolling. Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986). Tolling was found to be appropriate in Bowen v. City of New York because claimants who had allowed the appeal period to expire were unaware that the Secretary had secretly used an improper method to evaluate their claims. As it approved tolling of the appeals period, the Court noted:

> In addition to serving its customary purpose, [fn. omitted] the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government. Tolling, in the rare case such as this, does not undermine the purpose of the 60-day limitations period when viewed in connection with the underlying statute. Rather, it serves the purpose of the Act where, as the Court of Appeals stated, "the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights . . ."

The "secretive conduct" in the City of New York case was that certain claims were being reviewed only through step three of the claims process, and steps four and five were

being omitted.[1]  This defect was entirely caused by the Secretary, and claimants could not be expected to know that this legal defect existed in the processing of their claims. Thus, they could not be faulted for having failed to appeal or file civil suits.

"[T]raditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances."  Jackson v. Astrue, 506 F.3d at 1353.  "The extraordinary circumstances standard, we explained, may be met 'where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . .' "  *Id.* (citation to an unpublished opinion omitted).  "[T]raditional equitable tolling principles require that the claimant demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment."  *Id..* at 1355.  Equitable tolling is not available if the untimeliness is a consequence of a lawyer's mistake or negligence.  *Id.*, at 1355, *citing*, Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir.1999) (considering tolling with respect to a motion filed pursuant to 28 U.S.C. § 2255). Likewise, ignorance of the law, standing alone, is not a basis for equitable tolling.  *Id.*, at 1356.

There has been no showing here of a basis for equitable tolling.  Therefore, Defendant's motion to dismiss should be granted.

---

[1] Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Secretary analyzes a claim in five steps.  The 4th and 5th steps are to determine (4) whether the individual has any impairments which prevent past relevant work, and (5) whether the individual's impairments prevent other work.  If the claimant proves a step 4 impairment, the burden shifts to the Secretary at step 5 to establish that the claimant is able to perform other work.  MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).

Case No. 5:08cv189-RS/WCS

Accordingly, it is **RECOMMENDED** that Defendant's motion to dismiss, doc. 11, be **GRANTED** and the complaint be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 3, 2008.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**